UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In the matter of:

Gregory James Reed,                      Case No. 14-53838-MBM
                                                     Chapter 7
                               Debtor.   /         Hon. Marci B. McIvor

Keeper of the Word Foundation 501(c)(3),
Micarian Corp., GJR Scholarship
Foundation,

                          Plaintiffs,
vs.                                                        Adv. Pro. No. 17-04125

Charles Brown Trust,
Brown Companies,
Bryzantine Holdings, LLC,
Dwellings Unlimited, LLC,
and Agents,
                          Defendants.   /

**OPINION DENYING PLAINTIFFS' AND PLAINTIFFS' COUNSEL'S OBJECTION TO ENTRY OF THE ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND THE ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS**

The matter before the Court is an Objection filed by James Harris on his own behalf, and on behalf of Keeper of the Word Foundation (KWF), Micarian Corp[1]. and the GJR Scholarship Foundation ("Plaintiffs") to an order dismissing this adversary proceeding, and an order imposing sanctions. For the following reasons, the objection is DENIED.

FACTUAL BACKGROUND

On December 27, 2016, Keeper of the Word Foundation ("KWF"), Micarian Corp., and the Gregory J. Reed Scholarship Foundation filed a three-count complaint in the Wayne County

---

[1]The caption of this case references a Plaintiff called "Micarian Corp." In other pleadings, this Court has referred to that same corporation as "Mic-Arian Corp." In this case, this Court will refer to that entity as "Micarian Corp." because that is how it is spelled in the caption of the case.

Circuit Court (Case No. 16- 017364-CH) against Charles Brown Trust, Brown Companies, Bryzantine [sic] Holdings, LLC, Dwellings Unlimited, LLC and Agents. (The Michigan Attorney General was also named as a plaintiff but was later dismissed from the case and removed from the caption because the Michigan Attorney General never consented to being a plaintiff in this matter.) The Complaint is signed by James Harris (P68222).

On February 9, 2017, Defendants Brown Companies, the Charles H. Brown Trust, and Dwellings Unlimited, LLC removed the case to the Bankruptcy Court (Adversary Proceeding No. 17-4125-MBM).

On March 6, 2017, counsel for Dwellings Unlimited's mailed a letter to Plaintiffs' and Debtor's attorneys, seeking the withdrawal of the lawsuit and providing Plaintiffs with a draft motions for sanctions to be filed in the event that the lawsuit is not withdrawn.

On March 29, 2017, Plaintiffs filed an objection to the notice of removal and sought remand of the case.

On April 4, 2017, Defendants filed both a motion to dismiss the adversary proceeding and a motion for sanctions against Plaintiffs and their attorney, on the grounds that the lawsuit was frivolous and was filed with the intent to harass. Both motions were served on Counsel for Plaintiff, James Harris, at 16216 James Cousens, Detroit, MI 48221. Mr. Harris was also served electronically. See Docket Nos. 14 and 15.

On April 11, 2017, the Court denied Plaintiffs' motion to remand on the grounds that it was not timely filed.

On April 24, 2017, this Court entered orders granting Defendants' motion to dismiss the adversary complaint and Defendants' motion for sanctions. (Docket Nos. 25 and 26). Those orders have not been appealed.

On May 9, 2017, James R. Harris filed a pleading titled "Objection to Order Granting Motion by Dwellings Unlimited, LLC, Charles Brown Trust and Brown Companies for Sanctions Against Keeper of the Word Foundation, GJR Scholarship Foundation, Micarian Corp, Gregory James Reed, James R. Harris and Law Offices of James R. Harris."  Presumably, Mr. Harris filed this objection on his own behalf and on behalf of Plaintiffs.  Mr. Harris, the Law Offices of James R. Harris, Plaintiffs, and Debtor are hereinafter referred to as "the Objecting Parties."  The Court is treating this Objection as a Motion for Reconsideration of the Order Granting Defendants' Motion to Dismiss the Adversary Proceeding and the Order Granting Defendants' Motion for Sanctions against Keeper of the Word Foundation, GJR Scholarship Foundation, Micarian Corp., Gregory J. Reed, James R. Harris, and the Law Offices of James R. Harris (the "Sanctions Order").

## ANALYSIS

Motions for reconsideration are controlled E.D. Mich. LBR 9024-1.  That rule states in relevant part:

> **(a) (1) Deadline.** The deadline to file a motion for reconsideration of an order or judgment on the grounds that it was erroneous in fact or law is 14 days after the entry of the order or judgment.

The Motion for Reconsideration is untimely.  The objection to the Order of Dismissal and the Order Granting Defendants' Motion for Sanctions was filed more than 14 days after the date of entry of those orders.  Therefore, the Objection/Motion for Reconsideration is denied.

Even if James Harris and Plaintiffs (the Objecting Parties) had filed the Objection/Motion for Reconsideration in a timely fashion, the Motion must be denied on the merits.  The Objecting Parties give three reasons as to why the Order of Dismissal and the Order Granting Defendants' Motion for Sanctions should be vacated.  First, the Objecting Parties argue that "Defendants did

3

not provide a 21 day notice to Plaintiffs or to James Harris." Second, the Objecting Parties argue that neither Debtor or Debtor's counsel (James Harris) were served. Third, the Objecting Parties argue that Defendants have not complied with the procedural requirements of Fed. R. Bankr. P. 9011. The Objecting Parties are wrong on all counts.

The Objecting Parties first argument is that there were not given notice that they had twenty-one days to respond to the Motion to Dismiss. The Objecting Parties were not given a 21 day notice period because the local rules and the Federal Rules of Bankruptcy Procedure do not require a 21 day notice period to respond to a Motion to Dismiss in an adversary proceeding.

E.D. Mich. LBR. 9014-1(b) provides:

> Except as otherwise ordered by the court or applicable rule, the deadline to respond to any motion is 14 days after service (21 days after service for matters covered by F.R.Bankr.P. 2002(a)).

Fed. R. Bankr. P. 2002(a) provides in relevant part:

> Except as provided in subdivisions (h), (I), (l), (p), and (q) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of:
> . . . .
> (4) in a chapter 7 liquidation, a chapter 11 reorganization case, or a chapter 12 family farmer debt adjustment case, the hearing on the dismissal of the case or the conversion of the case to another chapter . . .

Defendants' Motion to Dismiss in the instant case was a motion to dismiss an adversary proceeding, not a motion to dismiss Debtor's Chapter 7 case. Pursuant to the Federal Rules and the rules of this Court, Plaintiffs' were required to respond to the Motion to Dismiss within 14 days after service of the motion. Since Plaintiffs failed to respond within the time required by local and federal rules, there are no grounds to vacate the Order of Dismissal.

The Objecting Parties second argument as to why this Court should reconsider its Order Granting Defendants' Motion to Dismiss and the Sanctions Order is that James Harris and

4

Debtor were not served with the Motion to Dismiss the adversary proceeding and the Motion for Sanctions. This argument is factually incorrect. James Harris is counsel of record for KWF. James Harris was served both electronically and by mail. *See*, Proof of Service attached to Defendants' Motion to Dismiss Adversary Proceeding, Docket No . 14. As counsel of record, James Harris, was the only party Defendants were required to serve with their Motion to Dismiss and Motion for Sanctions. With respect to Debtor, Gregory Reed, Reed was not a party to this adversary proceeding, therefore, there was no requirement that he be served with the pleadings.

The Objecting Parties third argument as to why this Court should reconsider its Sanctions Order is that Defendant failed to comply with the procedural requirements of Fed. R. Civ. P. 11 or Fed. R. Bankr. P. 9011. Fed. R. Bankr. P. 9011(c)(1)(A) provides:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b).

In fact, Defendants complied with the requirements of Fed. R. Bankr. P. 9011(c)(1). Defendants presented their motion for sanctions to James Harris on March 6, 2017, requesting the voluntary dismissal of this adversary proceeding on the grounds that it was a frivolous lawsuit and an abuse of process and constituted harassment. *See,* Motion for Sanctions, Exhibit A, Docket No. 15. Plaintiffs failed to dismiss the adversary proceeding within 21 days, and on April 4, 2017, Defendants filed their Motion for Sanctions. None of the Objecting Parties responded to the Motion for Sanctions in a timely fashion, and on April 24, 2017, this Court entered its Order Granting Sanctions against the Objecting Parties.

5

This Court notes that even had the Objecting Parties filed a timely response to the Motion for Sanctions, the Motion would still have been granted. As fully explained in this Court's lengthy bench opinion granting the Chapter 7 Trustee's Motion for an Order Enjoining Debtor and KWF from filing lawsuits without further order of this Court, issued on May 9, 2017 in the main bankruptcy case (Docket No. 776), this adversary proceeding, as well as two other adversary proceedings filed by KWF and Debtor, were frivolous, designed to interfere with the Trustee's administration of the bankruptcy estate, and to interfere with the rights of the Defendants in this case.

## CONCLUSION

In conclusion, the Objecting Parties were properly served with both Defendants' Motion to Dismiss and Defendants' Motion for Sanctions. Accordingly, the "Objection to Order Granting Motion by Dwellings Unlimited, LLC, Charles Brown Trust and Brown Companies for Sanctions Against Keeper of the Word Foundation, GJR Scholarship Foundation, Micarian Corp, Gregory James Reed, James R Harris and Law Offices of James R. Harris" is DENIED.

Signed on May 15, 2017

/s/ Marci B. McIvor
Marci B. McIvor
United States Bankruptcy Judge