UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In the matter of:

Gregory James Reed,                                     Case No. 14-53838-MBM
                                                              Chapter 7
                                Debtor.   /                  Hon. Marci B. McIvor
Keeper of the Word Foundation 501(c)(3),
Micarian Corp., GJR Scholarship
Foundation,

                       Plaintiff,
vs.                                                                     Adv. Pro. No. 17-04125

Charles Brown Trust,
Brown Companies,
Bryzantine Holdings, LLC,
Dwellings Unlimited, LLC,
and Agents,
                          Defendants.   /

**OPINION DENYING DEBTOR'S OBJECTIONS TO THE ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS AND
THE ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS**

The matter before the Court is Debtor Gregory Reed's Objections to an Order Granting Defendants' Motion to Dismiss this adversary proceeding, and an Order Granting Defendants' Motion for Sanctions against Debtor, Keeper of the Word Foundation, Micarian Corp.[1], the GJR Scholarship Foundation, James Harris, and the Law Offices of James R. Harris (the "Sanctions Motion"). For the following reasons, Debtor's objections are denied.

---

[1] The caption of this case references a Plaintiff called "Micarian Corp." In other pleadings, this Court has referred to that same corporation as "Mic-Arian Corp." In this case, this Court will refer to that entity as "Micarian Corp." because that is how it is spelled in the caption of the case.

## FACTUAL BACKGROUND

On December 27, 2016, Keeper of the Word Foundation ("KWF"), Micarian Corp., and the Gregory J. Reed Scholarship Foundation ("Plaintiffs") filed a three-count complaint in the Wayne County Circuit Court (Case No. 16- 017364-CH) against Charles Brown Trust, Brown Companies, Bryzantine [sic] Holdings, LLC, Dwellings Unlimited, LLC and Agents. (The Michigan Attorney General was also named as a plaintiff but was later dismissed from the case and removed from the caption because the Michigan Attorney General never consented to being a plaintiff in this matter.)  The Complaint is signed by James Harris (P68222).

On February 9, 2017, Defendants Brown Companies, the Charles H. Brown Trust, and Dwellings Unlimited, LLC removed the case to the Bankruptcy Court (Adversary Proceeding No. 17-4125-MBM).

On March 6, 2017, counsel for Dwellings Unlimited's mailed a letter to Plaintiffs' and Debtor's attorneys, seeking the withdrawal of the lawsuit and providing Plaintiffs with a draft motions for sanctions to be filed in the event that the lawsuit is not withdrawn.

On March 29, 2017, Plaintiffs filed an objection to the notice of removal and sought remand of the case.

On April 4, 2017, Defendants filed both a motion to dismiss the adversary proceeding and a motion for sanctions against Plaintiffs and their attorney on the grounds that the lawsuit was frivolous and was filed with the intent to harass.  Both motions were served on Counsel for Plaintiff, James Harris, at 16216 James Cousens, Detroit, MI 48221.  Mr. Harris was also served electronically.  See Docket Nos. 14 and 15.

On April 11, 2017, the Court denied Plaintiffs' motion to remand on the grounds that it

was not timely filed.

On April 24, 2017, this Court entered orders granting Defendants motion to dismiss the adversary complaint and motion for sanctions. (Docket Nos. 25 and 26). Those orders have not been appealed.

On May 9, 2017, Debtor, Gregory J. Reed, filed a pleading titled "Gregory J. Reed Objects to Order Granted [sic] Motion for Order Dismissal and Costs to Dwellings Unlimited, LLC, Charles Brown Trust and Brown Companies for Sanctions Against Keeper of the Word Foundation, GJR Scholarship Foundation, Micarian Corp, Gregory James Reed, James R Harris and Law Offices of James R. Harris." The Court is treating this Objection as a Motion for Reconsideration of the Order Granting Defendants' Motion to Dismiss the Adversary Proceeding and the Order Granting Defendants' Motion for Sanctions against Keeper of the Word Foundation, GJR Scholarship Foundation, Micarian Corp., Gregory J. Reed, James R. Harris, and the Law Offices of James R. Harris (the "Sanctions Order").

ANALYSIS

Motions for reconsideration are controlled E.D. Mich. LBR 9024-1. That rule states in relevant part:

> **(a) (1) Deadline.** The deadline to file a motion for reconsideration of an order or judgment on the grounds that it was erroneous in fact or law is 14 days after the entry of the order or judgment.
> . . .
> **(3) Grounds.** Generally, and without restricting the discretion of the court, a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication, will not be granted. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

3

Debtor's Motion for Reconsideration is untimely. The objection to the Order of Dismissal and the Sanctions Order was filed more than 14 days after the date of entry of those orders. Therefore, the Motion for Reconsideration is denied.

Even if Debtor's Objection/Motion had been timely filed, the Motion would be denied with respect to the Motion to Dismiss because Debtor is not a party in this adversary proceeding. Since Debtor is neither a plaintiff, nor a defendant in this adversary proceeding, he has no pecuniary interest in the outcome of the litigation and, therefore, lacks standing to challenge the dismissal of the adversary proceeding. *Cult Awareness Network, Inc. v. Martino*, 151 F.3d 605, 607 (7th Cir. 1988) *citing In Andreuccetti*, 975 F.2d 413, 416 (7th Cir. 1992)

The fact that Debtor objects to the orders entered in a case where he is not a party is deeply troubling to this Court. When it suits his purposes, Debtor, Gregory J. Reed, strenuously argues that KWF is a separate legal entity over which he has no control. If Debtor was truly independent of KWF, Debtor would not be objecting to orders that had no impact on him. Debtor's objection to the dismissal of a lawsuit filed by KWF, Micarian Corp., and the GJR Scholarship Foundation confirms that Debtor's assets and financial affairs are inextricably linked to those of KWF and the GJR Scholarship Foundation. As a matter of law, however, those entities are NOT Debtor, and Debtor has no standing to object to the dismissal of an adversary proceeding to which he was not a party.

With respect to the Sanctions Order, Debtor's objection is duplicative of the objection filed by James Harris and Plaintiffs. For all the reasons set forth in the Opinion Denying Plaintiffs' and Plaintiffs' Counsel's Objection to the Order Granting the Motion to Dismiss and the Sanctions Order (Docket Nos. 37 and 38), Debtor's objections to the Sanctions Order are

denied.

## CONCLUSION

In summary, Debtor's objection to the Order of Dismissal and the Sanctions Order are denied because (1) Debtor's objection is untimely; (2) Debtor lacks standing to challenge the Order of Dismissal; and (3) Debtor's objection to the Sanctions Order is duplicative of the objection filed by James Harris, and that objection has been denied.

Signed on May 15, 2017

/s/ Marci B. McIvor
Marci B. McIvor
United States Bankruptcy Judge